UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL ROSA, | * |
| | * |
| Petitioner, | * |
| | *  Civil Action No. 15-cv-30073-ADB |
| v. | * |
| | * |
| BRUCE GELB, | * |
| | * |
| Respondent. | * |

MEMORANDUM AND ORDER

December 24, 2015

D.J. BURROUGHS

On July 2, 2012, Daniel Rosa was convicted of first degree murder on a theory of

deliberate premeditation, and possession of a firearm without a license. The convictions arose

from a 2011 shooting in Springfield, Massachusetts involving Rosa and two alleged coventurers.

In May 2014, the Massachusetts Supreme Judicial Court ("SJC") affirmed Rosa's convictions,

and on April 22, 2015, Rosa filed a petition for a writ of habeas corpus with this Court, pursuant

to 28 U.S.C. § 2254(d).

In his petition, Rosa contends that habeas relief should be granted because: (1) the SJC

decision affirming his convictions violated due process by retroactively applying a substantive

change in the law (Ground One); (2) the monitoring, recording, and use at trial of his phone calls

from jail violated his rights under the 1st, 4th, and 14th Amendments to the U.S. Constitution

(Ground Two); and (3) the jury instructions at trial violated due process by failing to require

unanimity as to whether the murder verdict was based on principal or accomplice liability

(Ground Three). [ECF No. 1].

Presently before the Court is Respondent's Motion to Dismiss for Failure to Exhaust State Remedies. [ECF No. 17]. The Respondent claims that Rosa did not raise the first ground for relief in state court, and therefore, his entire petition should be dismissed for failure to exhaust state remedies. For the reasons stated herein, the Court agrees that Rosa did not exhaust Ground One in state court. Rosa must voluntarily dismiss Ground One by January 15, 2016, or the Court will dismiss Rosa's entire petition without prejudice.

## I.   LEGAL STANDARD

A federal court cannot grant habeas relief to a state prisoner unless the prisoner has first exhausted his federal constitutional claims in state court. 28 U.S.C. § 2254(b)(1)(A). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). A claim for habeas relief is exhausted if it has been "fairly and recognizably" presented in state court. Sanchez v. Roden, 753 F.3d 279, 294 (1st Cir. 2014) (quoting Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000)). In other words, "a petitioner must have tendered his federal claim [in state court] in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." Id. (quotations and citations omitted).

Where a habeas petition contains both unexhausted and exhausted claims, it must be dismissed. Rose v. Lundy, 455 U.S. 509, 522 (1982). When a petitioner submits such a "mixed" petition, district courts have been instructed to first give the petitioner an opportunity to dismiss the unexhausted claims and then, if the petitioner declines to do so, to dismiss the entire petition without prejudice. DeLong v. Dickhaut, 715 F.3d 382, 386-387 (1st Cir. 2013). Alternatively, under limited circumstances, the Court may stay the petition and allow the petitioner to exhaust his previously unexhausted claims in state court. Rhines v. Weber, 544 U.S. 269, 278 (2005). To

be granted such a stay, a petitioner must show that there is good cause excusing his failure to exhaust his claims, that the unexhausted claims are not meritless, and that he is not engaging in intentionally dilatory litigation tactics. Clements v. Maloney, 485 F.3d 158, 169 (1st Cir. 2007) (citing Rhine, 544 U.S. at 277). A petitioner's inability to show any one of these three factors precludes the court from granting a stay. Id.

## II.    DISCUSSION

On January 26, 2011, David Acevedo was killed by a single gunshot wound to the back. Petitioner Rosa was subsequently convicted of murder with deliberate premeditation in connection with Acevedo's death. At trial, the Commonwealth proceeded against Rosa on the alternative theories of principal and joint venture liability, alleging that Rosa and two acquaintances were involved with the shooting.

At the close of the Commonwealth's case, Rosa moved for a required finding of not guilty. He argued that there was not sufficient evidence to show that Rosa knew either of the two coventurers were armed, which, according to Rosa, was a required finding under the Commonwealth's joint venture theory. [ECF No. 19 ("Addendum") at 94-95].[1] The Commonwealth countered that it did not need to prove that Rosa knew that either of the coventurers was armed. According to the Commonwealth, such proof is necessary only where the use or possession of a weapon is an element of the underlying crime, which was not the case here. Id. at 107-108.

The trial court ruled in favor of the Commonwealth and denied Rosa's motion. Id. at 111. The subsequent jury instructions on joint venture did not require the jury to find that Rosa knew

---

[1] On August 14, 2015, the Respondent filed by hand an Addendum to its Motion to Dismiss, which contains relevant documents from the state court record.

that either of the other coventurers was armed. The jury was instructed that to find Rosa guilty on

a joint venture theory, there must be proof beyond a reasonable doubt that Rosa (1) intentionally

participated in some fashion in committing the crime, and (2) had or shared the intent required to

commit the crime. Id. at 117.

In his state court appeal, Rosa argued, among other things, that his motion for a required

finding of not guilty should have been granted and that the jury should not, therefore, have been

instructed on joint venture liability at all. Addendum at 23-81. Citing various SJC cases, Rosa

argued that under a theory of joint venture premeditated murder, the Commonwealth must

establish beyond a reasonable doubt that defendant knew the actual perpetrator was armed. Id. at

69.

The SJC rejected Rosa's argument. It found that "[b]ecause possession of a weapon is not

an element of murder in the first degree committed with deliberate premeditation, there was no

need for the Commonwealth to prove that the defendant knew [the two others] were armed with

guns." Commonwealth v. Rosa, 468 Mass. 231, 245 (2014). As a result, the absence of such

proof did not render the evidence insufficient, and the absence of an instruction requiring such

proof did not render the jury instructions erroneous. Id. at 245-246.

In denying Rosa's appeal, the SJC relied on Commonwealth v. Britt, 465 Mass. 87, 88,

(2013), a 2013 SJC opinion that was decided after Rosa's trial but before his appeal. In Britt, the

defendant was convicted of murder with deliberate premeditation under a joint venture theory.

The undisputed facts showed that the defendant did not shoot and kill the victim. On appeal, the

defendant argued that the judge erred in failing to instruct the jury that, to sustain the murder

conviction, the Commonwealth had to prove that defendant knew the coventurer was armed. The

SJC did not agree, holding that the Commonwealth should only "bear the burden of proving that

a joint venturer had knowledge that a member of the joint venture had a weapon where the conviction on a joint venture theory is for a crime that has use or possession of a weapon as an element." Britt, 465 Mass. at 100.

Rosa now claims in Ground One of his habeas petition that by retroactively applying Britt to his case, the SJC violated his due process rights. Respondent counters that the entire habeas petition must be dismissed because this argument was never raised in state court. In response, Rosa argues that this argument could not have been raised in state court, since he could not challenge the retroactive application of Britt until after the SJC relied on Britt to deny his appeal.

The Court agrees with the Respondent. Ground One of Rosa's habeas petition has never been raised in state court, and it has therefore not been exhausted. Rosa did argue at trial and on appeal that the Commonwealth needed to prove he knew the coventurers were armed, but he never raised in state court the federal constitutional argument that underlies Ground One. While Rosa could not have made this argument on appeal, since the issue did not arise until after the appeals process had run its course, Rosa is not excused from the exhaustion requirement. As the First Circuit has instructed, "where [a] claim has not been fairly presented on direct appeal . . . it should be fairly presented to the state court through a motion for collateral relief." Gunter v. Maloney, 291 F.3d 74, 82 (1st Cir. 2002). Rosa could have filed a motion for a new trial, as he was entitled to do as of right under Massachusetts law. Id. (citing Mass. R. Crim. P. 30(a)); see also Miranda v. Mendonsa, No. 12-CV-11957-IT, 2014 WL 4385433, at *3 (D. Mass. Sept. 3, 2014) ("[W]here, as here, Petitioner's claim arose only after the SJC affirmed his conviction, Petitioner should give the state court the opportunity to pass upon and correct alleged violations of its prisoners' federal rights by presenting the claim first to the state court through either a [state] petition for habeas corpus or Rule 30(a) motion for post-conviction relief.") (internal

5

citation omitted); <u>Clemente v. O'Brien</u>, No. 10-10279-GAO, 2010 WL 5207177, at *1 (D. Mass. Dec. 16, 2010) (finding that even where petitioner could not have raised constitutional issue until after SJC opinion, petitioner still needed to provide state courts the opportunity to address the issue before filing habeas petition, such as by filing a motion for a new trial).

"The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." <u>Duncan v. Walker</u>, 533 U.S. 167, 179 (2001). It promotes comity and prevents federal district courts from upsetting a "state court conviction without an opportunity to the state courts to correct a constitutional violation." <u>Id.</u> Here, Rosa has not given the Massachusetts courts an opportunity to correct their alleged error. In his SJC reply brief, Rosa did argue that <u>Britt</u> should not be applied, since it had been decided after his trial. Addendum at 357. He did not however assert the federal constitutional argument now raised in his habeas petition, namely that the retroactive application of <u>Britt</u> constituted a due process violation. <u>See</u> <u>Casella</u>, 207 F.3d at 20 (1st Cir. 2000) (requiring petitioners to raise federal claims "recognizably" in state court, making it "probable that a reasonable jurist would have been alerted to the existence of the federal question") (internal quotations omitted). Accordingly, Rosa must voluntarily dismiss Ground One by January 15, 2016, or the Court will have to dismiss Rosa's entire petition.

The Court will not stay Rosa's habeas petition and allow him to exhaust Ground One in state court. This "stay and abeyance" procedure is only available in limited circumstances that are not present here. As an initial matter, Rosa has not demonstrated good cause for his failure to raise Ground One in state court before filing his petition, which is reason alone for denying a stay. In addition, the Court finds that Rosa's constitutional claim is unlikely to be meritorious. A

judicial opinion that alters a common law doctrine of criminal law may be applied retroactively

so long as the alteration is not "unexpected and indefensible by reference to the law which had

been expressed prior to the conduct in issue." <u>Metrish v. Lancaster</u>, 133 S. Ct. 1781, 1792 (2013)

(citing <u>Rogers v. Tennessee</u>, 532 U.S. 451, 461 (2001)). The holding in <u>Britt</u> was not so

"unexpected and indefensible" that the SJC could not apply it retroactively. <u>Britt</u> brought clarity

to the issue of whether knowledge that a coventurer had a weapon is an element that the

Commonwealth must prove on a joint venture theory of deliberately premeditated murder. As the

<u>Britt</u> court acknowledged, SJC decisions preceding <u>Britt</u> had come out both ways on the issue.

<u>Compare, e.g.</u>, <u>Commonwealth v. Hour</u>, 446 Mass. 35, 42 (2006) ("[T]he defendant did not need

to know that the codefendant possessed the knife in order for the jury to find that he had acted

with malice."), and <u>Commonwealth v. Semedo</u>, 422 Mass. 716, 720 (1996) ("If [defendant]

possessed the malice aforethought required for a conviction of murder, he is guilty as a joint

venture . . . It is [] not necessary that the Commonwealth prove that [defendant] knew that his

coventurer was armed with a dangerous weapon."), <u>with</u> <u>Commonwealth v. Green</u>, 420 Mass.

771, 779 (1995) ("[U]nder a theory of joint venture premeditated murder during which another

person carried and used the gun, the Commonwealth must establish beyond a reasonable doubt

that the defendant knew [the other person] had a gun with him.") (quoting <u>Commonwealth v.

Lydon</u>, 413 Mass. 309, 312 n. 2 (1992)). Accordingly, the outcome in <u>Britt</u> was not

unforeseeable and the SJC did not violate Rosa's constitutional rights by applying <u>Britt</u>

retroactively. Even without <u>Britt</u>, there was ample precedent to support the SJC's decision to

deny Rosa's appeal.

### III.    CONCLUSION

For the foregoing reasons, the Court finds that Rosa has not exhausted Ground One of his habeas petition. He must therefore voluntarily dismiss Ground One by January 15, 2016, or the Court will dismiss his entire habeas petition without prejudice.

**So Ordered.**

Dated: December 24, 2015

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT COURT JUDGE